(No. 3774—

FRANK RICHARDS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1943.*

J. W. THOMASON, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

486

ECKERT, J.

Claimant, Frank Richards, was employed as a laborer by the Division of Highways, Department of Public Works and Buildings, of the State of Illinois, on August 24, 1942. On October 13, 1942, while patching concrete pavement on U. S. Route 52, Wilton Center, Illinois, a chip of concrete, apparently propelled by an air hammer chisel operated by a fellow employee, struck and injured his left eye. Claimant was treated at St. Mary's Hospital in Kankakee, Illinois, from October 19th to December 5th; he was able to return to work on December 21, 1942. The accident, however, resulted in the loss of all useful vision in the injured eye.

At the time of the accident claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of the employment. Claimant had been in the employ of the division less than two months; he had no children under sixteen years of age; his wage rate was fifty-five cents an hour. Employees engaged in a similar capacity worked for the respondent less than two hundred days a year, and eight hours constituted a normal working day. The basis for determining claimant's compensation is therefore a weekly wage of $16.92.

Claimant was temporarily totally disabled for a period of nine and one-seventh weeks, during which time he was paid compensation in the amount of $96.96. He was entitled, however, to compensation payments totalling $85.12, so that there was an over-payment of $11.84. Respondent also paid $346.47 for medical and hospital services. No further claim is made for such services.

Claimant seeks an award for total loss of use of his left eye. His claim is fully substantiated by the record, and he is entitled to receive from the respondent the sum of $8.46 per week for one hundred and twenty weeks, or $1,015.20. Since

the injury occurred subsequent to July 1st, 1941, this amount must be increased ten per cent, making a total sum of $1,116.72, from which should be deducted $11.84, over-payment on account of temporary total disability.

Award is therefore entered in favor of the claimant for the sum of $1,104.88 to be paid to him as follows:

$187.53 which has accrued and is payable forthwith.

$917.35, payable in weekly installments of $9.31 per week beginning May 11, 1943, for ninety-eight weeks, with an additional final payment of $4.97.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.